# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Robert Anthony High, | Case No. 2:25-cv-01744-CDS-DJA |
| Plaintiff | **Voluntary Dismissal Order** |
| v. | |
| James Dzurenda, et al., | |
| Defendants | |

Plaintiff Robert Anthony High previously filed an application to proceed *in forma pauperis* and submitted a civil rights complaint under 42 U.S.C. § 1983. ECF Nos. 1, 1-1. I dismissed the complaint in its entirety and granted High leave to file an amended complaint. ECF No. 4.

High now files a motion to withdraw his original complaint and dismiss that complaint without prejudice so he can refile when he completes his investigation to obtain the identities of the defendants responsible for his excessive force. ECF No. 6. I construe this motion as one for voluntary dismissal.

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). High may voluntarily dismiss this action because no responsive pleading has been filed in this case, therefore it is dismissed without prejudice.

## Conclusion

I therefore order that the motion to withdraw original complaint **[ECF No. 6] is construed as a voluntary dismissal**. This case is dismissed without prejudice.

I order that the application to proceed *in forma pauperis* **[ECF No. 1] is denied as moot**.

The Clerk of the Court is directed to close the case.

If High believes that I have misconstrued his motion to withdraw the original complaint as a motion for voluntary dismissal, he may file a motion setting out his reasons for that belief under Federal Rule of Civil Procedure 60(b)(1)[1] "within a reasonable time" not to exceed one year from entry of this order.[2]

Dated: December 15, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] *See Kemp v. United States*, 596 U.S. 528, 533–34 (2022) (explaining that a party may seek relief from a judgment or order under Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect," and that the term "mistake" includes a judge's mistake of law or fact).

[2] *See* Fed. R. Civ. P. 60(c).